27 C.C.P.A.(Patents)

### In re JONES et al.
### Patent Appeal No. 4187.

Court of Customs and Patent Appeals.
Feb. 5, 1940.

Eugene L. Greenewald, of New York City (Warren J. Willis, William F. Mesinger, and Horace B. Van Valkenburgh, 3d, all of New York City, of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

After allowing 23 claims in appellants' application for a patent for "Improvements in Apparatus for Removing Surface Metal from Metallic Bodies," the Primary Examiner of the United States Patent Office rejected claims 44, 45, 48 and 49. Upon appeal to the Board of Appeals, the decision of the examiner was reversed as to claim 45 and the same was allowed. The board affirmed the decision of the examiner disallowing claims 44, 48 and 49, and from its decision appellants have appealed here.

The appealed claims follow:

"44. In a machine for desurfacing bodies of ferrous metal, the combination with a frame, of a plurality of blowpipes connected to said frame and movable relatively thereto in a direction toward and away from the surface to be operated upon, nozzles associated with said blowpipes, and means cooperating with each of said blowpipes for shifting said blowpipes to change the positions of said nozzles relatively to said surface.

"48. Apparatus for removing metal from a surface of a metal body such as a steel billet, comprising the combination with a frame; of blowpipe means for delivering a stream of oxidizing gas obliquely against and lengthwise of said surface; means for so mounting said blowpipe means on said frame that said blowpipe means is movable toward and away from said surface; mechanism for relatively propelling said body and said frame with said blowpipe means in a direction lengthwise of said surface; and means operable by fluid pressure to move said blowpipe means relatively to said surface.

"49. Apparatus for removing metal from a surface of a metal body such as a steel billet, comprising the combination with a frame; of blowpipe means for delivering a stream of oxidizing gas obliquely against and lengthwise of said surface; means for so mounting said blowpipe means on said frame that said blowpipe means is movable toward and away from said surface and is freely movable transversely of the length of said surface; mechanism for relatively moving said body and said frame with said

blowpipe means in a direction lengthwise of said surface; means associated with said blowpipe means to move the latter transversely of said surface during such relative movement of the body and the frame; and means operable by fluid pressure to move said blowpipe means away from said surface."

The references relied upon are: Wise, 1,601,546, Sept. 28, 1926; American Machinist, article by Moss, December 21, 1932, pp. 1217 to 1219, inclusive; American Machinist, article by Moss, January 4, 1933, pages 15 and 16.

The invention relates to an apparatus for removing a uniform layer of metal from the surface of a metal body such as a steel billet. Appellants disclose a certain mechanism which supports a row of blowpipes which are moved along the surface of the steel billet, the blowpipes being arranged in suitable manner to melt and move away certain surface defects such as cracks, air holes, slag inclusions, etc. These defects if not removed from the billet or the bar would become permanent defects in the finished rolled article and cause the same to be weak and unsatisfactory.

The examiner rejected claim 44 upon the patent to Wise in view of each of the printed publications, and claims 48 and 49 were rejected as lacking invention "over the publications in view of Wise and vice versa."

The Board of Appeals in affirming the rejection by the examiner of the three appealed claims had the following to say (omitting reference numerals): "As pointed out by the examiner, the patent to Wise discloses a planing mechanism designed for eliminating seams and other surface defects from billets, etc. The wise patent discloses a billet mounted on a table, which is manipulated to press the billet to a planer tool. This tool is controlled in its position with respect to the surface of the work by means of fluid pressure through the valve, the entire housing being moved toward and away from the platform by the operation of this valve. This Wise patent appears to disclose the movement in the various claims to manipulate the work and claim 44, for example, appears to involve only the substitution of blowpipes for the metal surface removing mechanism in the Wise patent."

The Wise patent is for a planing machine which comprises a planer table upon which the billet is laid and a planer tool is mount-

ed in such a position that when it is moved transversely by feed screws defects in the steel are removed.

The reference articles by Moss appeared in the American Machinist of December 21, 1932, and January 4, 1933, and relate to machining with oxyacetylene. He teaches the use of a machine having an acetylene torch which moves over the surface of the billet and cuts off and removes the surface containing the defect. His method is spoken of as "Flame Machining." While Moss in his drawings shows the use of one nozzle, he says: "With the aid of compound nozzle operations, there would seem to be no limit to the possibility for increased removal rates."

The examiner describes the two reference articles as follows (omitting reference numerals): "The Article of Dec. 21, 1932 shows the torch nozzle effecting a machining operation. It is moved along the work and inclined towards its surface to direct a flame thereon and plane off the surface metal. Although the author does not describe the mechanism for moving the nozzle, he refers to the 'similarity' of the operations 'to many operations of customary tool machining.' He calls the operation 'flame machining' and refers to the operation as 'much in the form of tool planing.'

"The article of Jan. 4, 1935 is a continuation of that of Dec. 21, 1932, and illustrates various examples of flame machining in the nature of turning. In these operations the nozzle impinges tangentially on the rotating work and may produce an annular cut or groove if the nozzle is not moved. The depth of the groove depends on the number of revolutions of the work. Multipass planing is illustrated by cuts. If the torch is moved longitudinally of the work a spiral groove may be produced. The author contemplates planing by one or more nozzles."

We are in agreement with the conclusion reached by the Patent Office tribunals that the appealed claims do not define invention over the prior art cited. It seems clear that it would not require invention, in view of the teachings of Moss, to put 4 blowpipes (if 4 were necessary) on a planing machine such as Wise uses.

Appellants urge commercial success. The record discloses none and if it did it would be possible to attribute such a success to the invention of the allowed claims. Ap-

pellants urge that Wise does not disclose any machine for carrying acetylene torches and that Wise has a planing machine and not an acetylene torch machine. The appealed claims were not rejected upon the ground that either of the references or all of them disclose a device such as is covered by the appealed claims, but it is held that in view of the teaching of Moss to use an acetylene torch to remove defects from billets, it would not be invention to use it on the machine of Wise. Invention might rest, and according to the allowed claims did rest, in the manner in which the machine and tubes were connected, moved and operated.

Appellants further argue that claim 44 is patentable because it calls for desurfacing while Wise discloses only an apparatus for gouging, and for the further reason that there is nothing in the references cited to suggest "how a plurality of blow pipes are to be mounted in the Wise machine."

It is true that Wise discloses a machine which is not necessarily intended to remove the whole surface of a billet, and that he refers to removing only a portion of the face of the billet where the defect appears. Nevertheless, he discloses what he terms a planer in which the tool which removes a portion of the surface is referred to as a cutting or gouging tool and which tool planes or cuts off a portion of the surface. It would seem obvious that if the entire surface of the billet required removal, his cutting or gouging tool could be used to bring about that function. At any rate, in view of the Wise reference, invention would not rest in the fact that the applicant teaches the removal of the entire surface.

We think the allowed claims in appellants' application sufficiently cover the manner in which the plurality of blowpipes are mounted on applicants' machine. Of course, Wise does not suggest how blowpipes could be fastened onto his machine because he discloses no blowpipes, and we see nothing defined by the appealed claims with reference to the manner of attaching a plurality of blowpipes, as called for by claim 44, or a single blowpipe, as called for by claims 48 and 49, which amounts to invention over the cited prior art.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.